UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLOYD HARDRICK, JR., ET AL,

    Plaintiffs,

v.

CITY OF DETROIT, ET AL,

    Defendants.
_____/

Case No. 15-13884

Honorable Nancy G. Edmunds

**OPINION AND ORDER CLARIFYING FEBRUARY 22, 2016 ORDER [26] AND DENYING DEFENDANTS' MOTION FOR RECONSIDERATION AS MOOT [27]**

This case involves, among other things, a facial challenge to the constitutionality of Section 6-1-2(e) ("Subsection E") of Detroit's Animal Control Code. On February 22, 2016, this Court granted Plaintiffs' motion for a preliminary injunction prohibiting Defendants from relying on Subsection E when executing a search of a residence. (Dkt. 22). Two days later, Defendants filed a motion for reconsideration asking the Court to clarify whether the factual circumstances surrounding Defendants' entry into Plaintiff Floyd Hardrick's home remains "open in this case . . . to be decided either upon summary judgment (if appropriate) or by the jury." (Defs. Br. 2). In other words, Defendants' request is more properly styled as a motion for clarification regarding whether the Court decided, as a matter of law, that the City acted without exigent circumstances when it searched Hardrick's home.

While "in most constitutional cases, the claimant challenges the constitutionality of a statute 'as applied' to specific parties and circumstances", *Thomas More Law Ctr. v. Obama*, 651 F.3d 529, 556 (6th Cir. 2011) *abrogated on other grounds by Nat'l Fed'n of*

*Indep. Bus. v. Sebelius*, 132 S. Ct. 2566, 183 L. Ed. 2d 450 (2012), Plaintiffs' motion for preliminary injunction was "a facial challenge to [] Section 6-1-2(e) of the Animal Control Code." (Plfs.' Mot. Prelim. Inj. 25, Dkt. 14). This distinction is critical- and helps to explain the inquiry raised by Defendants' motion. Indeed, while an "as applied" challenge is confined to a "discrete factual setting", *Warshak v. United States*, 532 F.3d 521, 529–30 (6th Cir. 2008) (en banc), "[f]acial challenges 'seek to leave nothing standing—to prevent any application of the law no matter the setting, no matter the circumstances." *Thomas More Law Ctr.*, 651 F.3d at 556 (Sutton J., concurring) (internal quotations omitted). Accordingly, because Plaintiffs' facial challenge was premised on the idea that Subsection E is unconstitutional in all respects, "no final decision of the local government applying the particular ordinance to a specific set of facts [was] necessary to evaluate its constitutionality." *Tini Bikinis Saginaw, LLC v. Saginaw Charter Twp.*, 836 F. Supp. 2d 504, 518 (E.D. Mich. 2011).

While the Court recited a number of factual assertions in its Order granting Plaintiffs' motion for preliminary injunction, the purpose of that background was to provide some context for the facial challenge. As such, the question of whether Defendants' acted in an unconstitutional manner as applied to these individual Plaintiffs remains an open question for another day.

For the foregoing reasons, the Court HEREBY clarifies the February 22, 2016 Order as follows: Defendants are prohibited from relying on Section 6-1-2(e) of the Detroit Animal Control Code, and the question of whether Plaintiffs' individual Fourth Amendment rights were violated remains a live issue.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated:  February 29, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 29, 2016, by electronic and/or ordinary mail.

s/Johnetta Curry-Williams
Case Manager