UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLOYD ALLEN HARDRICK,
JR., *et al.*,

        Plaintiffs,                   Case No. 2:15-cv-13884
                                          District Judge Nancy G. Edmunds

v.                                           Magistrate Judge Anthony P. Patti

THE CITY OF DETROIT, *et al.*,

        Defendants
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE (DE 59) AND REMOVING THE MOTION FROM THE SEPTEMBER 13, 2016 HEARING

### I.    THE INSTANT MOTION

This matter is before the Court for consideration of Defendants' motion to strike Plaintiffs' first supplemental witness list (DE 59) and Plaintiffs' response in opposition (DE 73). In their motion, Defendants ask the Court to strike nine witnesses, both expert and lay, identified in Plaintiffs' supplemental witness list (DE 57) as untimely. Specifically, Defendants assert that nine of the witnesses identified in the supplemental witness list[1] were not identified until July 7, 2016,

---

[1] The witnesses at issue are: 1) David Williams, COO of the Michigan Humane Society; 2) Matthew Pepper, CEO of the Michigan Humane Society; 3) Becky Neal, President of the Michigan Association of Animal Control Officers; 4) Jennifer Clark, employee of Dog-Aide; 5) Kim Craig, of WXYZ-TV; 6) Shawn Waeghe; 7) Kristina Rinaldi, of the Detroit Dog Rescue; 8) Terrence MacKillop; and 9) Dr. Kristina Yee. Mr. MacKillp and Dr. Yee are explicitly identified as

"well after the deadlines in the Court's Scheduling Order (DE 23)," which includes a deadline for filing witness lists of April 1, 2016. (DE 23.) The supplemental witness list at issue was filed on July 7, 2016. (DE 57.) (DE 59 at 2, ¶¶ 5-6.) Defendants also ask the Court to award reasonable costs and attorney fees for the expenses associated with filing the instant motion.

Plaintiffs counter that the first supplemental witness list was timely filed for several reasons. First, they assert that pursuant to the scheduling order, expert witnesses were not required to be disclosed until 90 days before the November 1, 2016 trial, or August 3, 2016 (the day on which the experts were identified). Second, they contend that the supplemental witness list merely identifies the specific employees/agents of organizations that they have previously provided to Defendants. Finally, they assert that the remaining three witnesses were only recently identified in discovery from a third party. Plaintiffs also ask the Court to award reasonable costs and attorney fees for the expense of responding to Defendants' motion.

## II.  STANDARD

Federal Rule of Civil Procedure 26 provides the procedures and timeline for identifying potential witnesses. If a party wishes to use a witness as an expert, the party must disclose the identity of the witness, accompanied by a "written report—

---

expert witnesses. (DE 57 at ¶¶ 94 and 95.) Mr. Williams, Mr. Pepper, and Ms. Neal are identified as potential expert witnesses. (Id. at ¶¶ 37, 38, and 40.)

2

prepared and signed by the witness . . . ." Fed. R. Civ. P. 26(a)(2)(b). The expert witness must be identified "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). If the court does not order a specific timeframe, the disclosures must be made "at least 90 days before the date set for trial," or "if the evidence is intended solely to contradict or rebut evidence . . . within 30 days after the other party's disclosure." Id. Further, both parties must supplement their disclosures in compliance with Rule 26(e). Fed. R. Civ. P. 26(a)(2)(E).

Parties must also disclose the identity of lay witnesses, along with their designation and a description of the evidence they may present. Fed. R. Civ. P. 26(a)(3). These disclosures must be made at least 30 days before trial, "[u]nless the court orders otherwise." Id.

"If a party fails to . . . identify a witness . . . the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c). This does not require that the moving party show prejudice, "rather, the burden is on the non-moving party to show that the non-disclosure was harmless or substantially justified." *SPX Corp. v. Bartec USA, LLC,* 574 F. Supp. 2d 748, 757 (E.D. Mich. 2008) (citing *Dickenson v. Cardiac & Thoracic Surgery of E. Tenn., P.C.,* 388 F. 3d 976, 983 (6th Cir. 2004) and *Samos Imex Corp. v. Nextel Commc'ns, Inc.,* 194 F.3d 301, 305 (1st Cir. 1999)).

### III. ANALYIS

#### A. Expert Witnesses MacKillop and Yee

The Court issued a scheduling order in this action on February 17, 2016. (DE 23.) The scheduling order explicitly states that the "time limit for disclosure of expert testimony contained in Rule 26(a)(2) is to be followed according to the trial date set by the Court." (Id. at ¶ III.) The order set the trial date as November 1, 2016.

As set forth above, Rule 26(a)(2) provides that a party must disclose the identity of its experts (among other specified information), "at least 90 days before the date set for trial or for the case to be ready for trial[.]" Fed. R. Civ. P. 26(a)(2)(D)(ii). Accordingly, Plaintiffs' expert witness disclosures were not due until August 3, 2016. Although Defendants assert in their motion, filed on July 22, 2016, that Plaintiffs have not provided "a single written report" from the expert witnesses, Plaintiffs provided the complete disclosures for Dr. Yee and Mr. MacKillp on August 3, 2016. (*See* DE 73-8.)[2] As Plaintiffs timely submitted their expert disclosures in accordance with Rule 26(a)(2) on August 3, 2016, there is no

---

[2] However, as to the individuals identified by Plaintiffs as "potential" expert witnesses, Mr. Williams, Mr. Pepper, and Ms. Neal, there is no indication that the full and complete disclosures were timely made. To the extent Plaintiffs plan to use those individuals as expert witnesses, disclosures must have been submitted to Defendants on or before August 3, 2016. If this was not done, those witnesses cannot testify as experts.

reason to strike those experts from the witness list filed on July 7, 2016. Accordingly, Defendants' motion is **DENIED** with respect to expert witnesses Dr. Yee and Mr. MacKillop.

### B.   Williams, Pepper, Neal, and Clark

Plaintiffs timely filed their initial disclosures on March 16, 2016, identifying the following individuals likely to have discoverable evidence: 1) agents or employees of the Michigan Humane Society (DE 73-2 at ¶ 37) and 2) agents or employees of the Michigan Association of Animal Control Officers (Id. at ¶ 38). Thereafter, on April 1, 2016, Plaintiffs filed their initial witness list, again identifying agents or employees of the Michigan Humane Society (DE 35 at ¶ 36); agents or employees of the Michigan Association of Animal Control Officers (Id. at ¶ 37); in addition to agents or employees of Dog-Aide (Id. at 39).

In their supplemental witness list, Plaintiffs name as witnesses employees or agents from the Michigan Humane Society (Williams and Pepper), the Michigan Association of Animal Control Officers (Neal), and Dog Aide (Clark).  (DE 57 at ¶¶ 37, 38, 40, and 43.)  Defendants assert that the individuals identified in the supplemental witness list were untimely because they had never before been named, discovery has ended, and dispositive motions have been filed with the Court.  Plaintiffs counter that Defendants were aware that agents or employees of the three organizations named above would be called as witnesses, and the specific

5

names of those agents was merely information that should be supplemented prior to trial.

Plaintiffs rely on *Lower Town Project, LLC v. Lawyers Title Ins. Corp.*, No. 10-11615, 2012 WL 666574, at *2 (E.D. Mich. Feb. 29, 2012). In *Lower Town*, the third-party plaintiffs identified "[p]ast and present employees and agents of Lower Town Project, LLC" as witnesses, but did not name the specific employee until the joint final pretrial order. *Id.* The Court concluded that such a designation (in addition to the fact that the employee was a known representative of Lower Town) was sufficient to inform the third-party defendants such that there was no duty to supplement pursuant to Fed. R. Civ. P. 26(e). In the alternative, the Court noted that, even if the third-party plaintiffs were required to provide the information at an earlier time, any failure to do so was harmless because the third-party defendants "knew that Third-Party Plaintiffs intended to call a Lower Town Project representative at trial, had information that Mr. Hinds was likely to be that representative, and had an opportunity to depose Mr. Hinds during discovery." *Id.*

This case is somewhat distinguishable, given that it is unclear whether Williams, Pepper, Neal, and Clark were known to Defendants as employees or agents of their respective organizations. However, Defendants were clearly aware, beginning on April 1, 2016, that Plaintiffs intended to call witnesses from these organizations. (DE 35.) Further, Plaintiffs have not used affidavits from these

witnesses in their response to Defendants' pending motion for summary judgment. As such, any potential prejudice to Defendants can be eradicated by allowing them time to depose these witnesses prior to the final pretrial conference, which is scheduled for October 25, 2016. Accordingly, I conclude that Plaintiffs properly identified these witnesses such that they are entitled to use their testimony at trial, provided that Defendants may (if they so choose) depose these witnesses before October 1, 2016. *See Am. Furukawa, Inc. v. Hossain*, No. 14-cv-13633, 2016 WL 2731185, at *1 (E.D. Mich. May 11, 2016) (finding no prejudice where the moving party failed to pursue discovery or seek leave to conduct depositions outside of the discovery deadline); *Cotton v. Sassak*, No. 06-cv-15208, 2008 WL 1882708, at *2 (E.D. Mich. Apr. 24, 2008) (finding the severe punishment of striking a witness list was inappropriate where the moving party could have discovered the substance of the witnesses' testimony).

### C. Craig, Waeghe, and Rinaldi

Finally, Plaintiffs assert that their failure to identify witnesses Craig, Waeghe, and Rinaldi by the April 1, 2016 deadline was substantially justified because they were not informed about the existence of these individuals until May 20, 2016. Specifically, Plaintiffs received a response to their subpoena from the Michigan Department of Agriculture and Rural Development on May 20, 2016, identifying Craig, Waeghe, and Rinaldi as

individuals who had previously complained about Detroit Animal Control. (DE 73-4.) As such, Plaintiffs assert that their failure to identify these witnesses until July 7, 2016 (after both the April 1, 2016 deadline for identifying witnesses and the June 1, 2016 discovery deadline) was substantially justified and harmless. However, Plaintiffs do not provide any justification as to why the names were not provided to Defendants before July 7, 2016. Presumably, the names could have been provided sometime between their receipt on May 20, 2016 and the discovery deadline on June 1, 2016. Nor is there any indication that Defendants were aware of these individuals in some way prior to their disclosure by Plaintiffs. Accordingly, I conclude that there is no substantial justification for failing to provide the names until after the close of discovery. Moreover, allowing Plaintiffs to call these witnesses would prejudice Defendants, who could have had an opportunity to conduct additional discovery as it relates to these individuals before filing their motion for summary judgment. As such, Defendants' motion is **GRANTED** with respect to Craig, Waeghe, and Rinaldi.

## IV.   CONCLUSION

Accordingly, Defendants' motion to strike is granted in part and denied in part. Specifically, the Court will not strike the following witnesses identified in Plaintiffs' supplemental witness list: MacKillop, Yee, Williams, Pepper, Neal, and Clark. The Court will strike witnesses Craig, Waeghe, and Rinaldi. Further, the

Court declines to award attorney fees or costs in this matter pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), finding that both parties' positions on this matter were substantially justified. Finally, this case is scheduled for hearing on September 13, 2016 for a variety of matters, one of which was to be the instant motion. (DE 70.) Because this motion has been decided on the papers, it will not be heard at the September 13 hearing.

    **IT IS SO ORDERED.**

Dated: August 31, 2016        s/Anthony P. Patti
                                       Anthony P. Patti
                                       UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on August 31, 2016, electronically and/or by U.S. Mail.

                                       s/Michael Williams
                                       Case Manager for the
                                       Honorable Anthony P. Pattie