UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FLOYD ALLEN HARDRICK, JR.,
*et al.,*                                                            Case No. 15-13884

    Plaintiffs,                                        Honorable Nancy G. Edmunds

v.

CITY OF DETROIT, *et al.,*

    Defendants.
_____/

**OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S
JULY 7, 2017 REPORT AND RECOMMENDATION [102]**

In a report and recommendation ("R & R") issued on July 7, 2017, Magistrate Judge Anthony P. Patti recommends that the Court grant in part Plaintiffs' motion for attorney fees, and that fees in the amount of $95,367.50 be awarded to Plaintiffs. Defendants filed objections to the R & R on July 21, 2017, and Plaintiffs filed a response in opposition to these objections on August 4, 2017. Finally, on August 11, 2017, Defendants filed a reply in further support of their objections. For the reasons that follow, the Court overrules Defendants' objections and adopts the R & R in its entirety.

Before stating their substantive objections to the R & R, Defendants begin with a wholly inappropriate salvo of inflammatory rhetoric directed against opposing counsel (whose work product is compared to that of a "first-year law student"), Plaintiffs (deemed "despicable pet owners" who "endanger[ed] the health and safety of their neighbors"), and the Magistrate Judge (whose recommended fee award is characterized as "obscene"). (Defendants' Objections at 1-2.) Such verbal assaults are unprofessional, unwarranted,

and contrary to the civility principles that govern the conduct of attorneys in this District. Defense counsel are strongly cautioned to ensure that any subsequent submissions to this Court, whether in this case or in future proceedings, reflect a proper courtesy and respect for opposing counsel, the parties, and the Court.

Turning to the specific objections to the R & R, Defendants first contend that the Magistrate Judge erred in determining that Plaintiffs are prevailing parties who are eligible for an award of attorney fees under 42 U.S.C. § 1988. While Defendants concede that Plaintiffs achieved at least "nominal success" and a "symbolic victory" by securing an injunction that prevents the Defendant City of Detroit from enforcing a provision of its Animal Control Ordinance, (*see* Defendants' Objections at 4), they argue that Plaintiffs themselves obtained no direct benefit from this injunction because they failed to produce evidence of harm they suffered as a result of any past enforcement of this challenged ordinance. To the contrary, the Court determined in its November 8, 2016 summary judgment ruling that Plaintiffs could not succeed on their individual Fourth Amendment claims for damages arising from the searches of their property and seizure of their pets. It stands to reason, in Defendants' view, that even "absent the ordinance" struck down by the Court, "the factual events forming the basis of Plaintiffs' [individual] claims would have occurred in exactly the same manner," (*id.* at 5), so that Plaintiffs cannot be said to have derived any benefit from the Court's injunction against enforcement of this ordinance.

As ably explained by the Magistrate Judge, however, Plaintiffs "prevailed on [a] narrow but significant issue" when they (i) successfully argued for the issuance of a preliminary injunction against enforcement of the offending ordinance provision, and then (ii) held the ground they had gained by securing the entry of an order permanently enjoining

2

the Defendant City from enforcing this provision.  (*See* R & R at 7-9.)  Although Plaintiffs did not establish that they were past victims of unlawful searches and seizures of the sort authorized by the challenged provision of Detroit's Animal Control Ordinance, they nonetheless "achieved some degree of individual benefit" as part of the larger community of Detroit pet owners who are now free from the threat of future "unwarranted government intrusions onto . . . private property" that would otherwise be allowed under this ordinance provision.  (*Id.* at 8-9.)  As the Sixth Circuit has observed, if a plaintiff can be said to have prevailed by demonstrating that a law was unconstitutional as enforced against him, then a plaintiff who "obtains [a] *greater* victory (striking a statute in all of its applications, *i.e.,* on its face)" surely is also eligible for attorney fees, "for he has won not just on behalf of himself but on behalf of many others as well."  *McQueary v. Conway,* 614 F.3d 591, 603 (6th Cir. 2010) (emphasis in original).  Accordingly, the Court concurs in the Magistrate Judge's conclusion that Plaintiffs are prevailing parties who "achieved some degree of individual benefit" as a result of the Court's entry of a permanent injunction.  (R & R at 8.)

Defendants next object that the fee award recommended by the Magistrate Judge is unreasonable in light of Plaintiffs' purportedly limited success in this litigation.  As Defendants observe, and as the Supreme Court has recognized, the reasonableness of a fee award must be assessed "in relation to the success achieved" in the litigation, and "the most critical factor" in determining a reasonable attorney fee is "the degree of success obtained."  *Hensley v. Eckerhart,* 461 U.S. 424, 436, 103 S. Ct. 1933, 1941 (1983).  Defendants contend that the recommended fee award in this case does not comport with these principles, where Plaintiffs "attained no monetary award" and "none of their individual claims were found to have merit," and where the permanent injunction entered by the Court

3

reflected only a "nominal but ultimately meaningless victory" that failed to assist Plaintiffs in establishing any of their remaining claims. (Defendants' Objections at 8-9.)

For the reasons already explained, however, the Court cannot accept Defendants' characterization of Plaintiffs' success in this case as merely "nominal," much less "meaningless." Rather, in one of the four counts of their complaint, Plaintiffs sought to enjoin the enforcement of a portion of Detroit's Animal Control Ordinance as "unconstitutional on its face and in its application to the Plaintiffs," where this ordinance authorized the "ent[ry] onto private property without consent, a warrant or an exception to the warrant requirement." (Second Amended Complaint at ¶¶ 271-73.) Plaintiffs largely prevailed on this claim, securing a permanent injunction against enforcement of the challenged provision of the Animal Control Ordinance. In light of this result, the Court cannot agree that Plaintiff should be deemed "almost wholly unsuccessful in this case." (Defendants' Objections at 9.)

Neither can the Court agree that the fee award recommended by the Magistrate Judge insufficiently accounts for Plaintiffs' lack of success on their individual claims for damages. To the extent that Defendants contend that the recommended fee award of $95,367.50 reflects only a "nominal 3% reduction" from the amount initially requested by Plaintiffs, (*id.* at 10), this overlooks the starting point of the Magistrate Judge's analysis — namely, that Plaintiffs did not seek the entirety of the fees expended in this litigation, but instead "limited their request for attorney fees to only those incurred from the inception of the case to the granting of the[ir] motion for a preliminary injunction," (R & R at 18). As observed by the Magistrate Judge, because Plaintiffs already attempted to tailor their fee request to bring it "more in line with the issues on which they prevailed," (*id.* at 19), it was

4

wholly appropriate — and, indeed, necessary — for the Magistrate Judge to bear this consideration in mind in determining whether a further reduction was warranted in light of Plaintiffs' partial success.

Defendants also appear to suggest that the recommended fee award improperly rests upon the Magistrate Judge's oversimplified view that Plaintiffs prevailed on "a third of" their claims, such that an award of less than one-third of the overall fees billed in this litigation was reasonable. (Defendants' Objections at 10 (quoting R & R at 20).) Again, this mischaracterizes the Magistrate Judge's analysis, which began at the starting point endorsed in the case law — *i.e.,* by considering the number of hours spent by Plaintiffs' counsel "from inception of the case until the entry of the order granting the preliminary injunction," and then multiplying by the hourly rates of the two attorneys who appeared on Plaintiffs' behalf. (R & R at 11.) While the Magistrate Judge later noted that the fees computed under this approach reflected "less than one-third of the overall attorney fees billed in the litigation," and thus corresponded roughly with Plaintiffs' success on "a third of" their claims, these observations were offered only to confirm that the recommended fee award of $95,367.50 was "not out of line" with fee awards in comparable cases and was "not far off the mark" in the "context of the entire lawsuit and its ultimate outcome." (*Id.* at 19-20.)

Defendants next take issue with three specific categories of attorney fees sought by Plaintiffs: (i) fees for time spent consulting with experts, (ii) fees for time spent identifying potential plaintiffs, and (iii) fees for time spent researching potential claims. The Court finds that the Magistrate Judge thoroughly and cogently addressed each of these points in the

5

R & R, (*see* R & R at 15-18), and that Defendants have failed to suggest a basis for disturbing the Magistrate Judge's analysis or findings as to any of these issues.[1]

Next, Defendants contend that the fee award recommended by the Magistrate Judge incorporates excessive hourly rates for Plaintiffs' two attorneys, given their purported lack of expertise and experience in federal civil rights litigation. Yet, as a threshold matter, Defendants largely failed to raise this issue in their response to Plaintiffs' underlying motion for attorney fees, initially questioning counsel's expertise in a footnote, and later revisiting this subject in a single sentence unsupported by citation to any evidence or authority. (*See* Dkt. 98, Defendants' Br. in Response to Plaintiffs' Motion for Attorney Fees at 11 n.2, 14-15.) It is well-settled that a party may not raise an issue for the first time in its objections to a Magistrate Judge's report and recommendation. *See Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000). In any event, the Magistrate Judge thoroughly addressed the issue of counsel's hourly rates, (*see* R & R at 12-14), and the Court fully concurs in this analysis.

Finally, Defendants challenge the Magistrate Judge's determination that although Plaintiffs' counsel perhaps violated the "spirit" of Local Rule 7.1(a) by making insufficient efforts to seek Defendants' concurrence in Plaintiffs' motion for attorney fees, this did not

---

[1]Indeed, Defendants' objections on these points reflect a lack of care in reviewing the R & R and formulating challenges to the Magistrate Judge's analysis. For example, Defendants (i) blur the distinction, expressly drawn in the R & R, between expert witness fees and attorney fees for time spent consulting with experts, (*see* Defendants' Objections at 12), (ii) fail to acknowledge the extent to which the Magistrate Judge accepted their arguments and reduced Plaintiffs' fee award, (*see* R & R at 15-17), and (iii) miscite or misquote the R & R at various points, (*see, e.g.,* Defendants' Objections at 13 & n.41 (quoting from Plaintiffs' reply brief rather than the R & R); *id.* at 14-15 (accusing the Magistrate Judge of mischaracterizing the ruling in *Lavin v. Husted,* 764 F.3d 646 (6th Cir. 2014), when in fact this decision is not even mentioned in the R & R)).

warrant the Court's outright refusal to entertain Plaintiffs' request for fees. (*See* R & R at 4-6.) In Defendants' view, the Magistrate Judge's reasoning in support of this conclusion would operate to "do away entirely with the Local Rule 7.1 requirement if the parties seem unlikely to concur." (Defendants' Objections at 18.) Yet, while Defendants assert that the Magistrate Judge's ruling would "reduce[] the Local Rule[] to a meaningless, optional formality," (*id.*), the Court finds that this concern is misplaced under the record presented here.

Specifically, Plaintiffs' counsel did, in fact, send an e-mail to defense counsel stating (i) that Plaintiffs planned to file a motion under 42 U.S.C. § 1988 for attorney fees in the amount of $98,158, (ii) that this amount reflected "the hours incurred by the plaintiffs' counsel from the inception of the case until February 22, 2016, the date on which the trial court awarded preliminary injunctive relief," and (iii) that although "the governing court rule requires us to file a motion for these fees," counsel would be open to "discuss[ing] resolution of the issue by stipulated order." (Dkt. 98, Defendants' Response, Ex. A, 12/6/2016 E-mail.) In response, Defendants' counsel protested that counsel for Plaintiffs had not "provide[d] sufficient detail to facilitate an analysis" of Plaintiffs' fee request, and he opined that his opposing counsel could not "ask concurrence in good faith without providing an accounting" of the amount of fees being sought. (*Id.,* 12/6/2016 E-mail.) After Plaintiffs' counsel promptly forwarded a bill in support of Plaintiffs' fee request, defense counsel responded that "it may take several days for me to work with the City to evaluate" his opposing counsel's submission. (*Id.,* 12/6/2016 E-mail.) Plaintiffs' counsel then sent another e-mail advising defense counsel that "[w]e are going to proceed with filing the motion," but suggesting that "[i]f, in the meantime, you wish to discuss resolution of the

matter short of filing objections and having a hearing, we would be happy to do so." (*Id.,* 12/6/2016 E-mail.)

The Court, like the Magistrate Judge, declines to decide whether this course of conduct by Plaintiffs' counsel complied with or violated the terms of Local Rule 7.1(a). The Rule requires that a movant must "ascertain whether the contemplated motion . . . will be opposed," and further provides that "[i]f concurrence is not obtained," the moving party must state in its motion that "there was a conference between attorneys . . . in which the movant explained the nature of the motion . . . and its legal basis and requested but did not obtain concurrence in the relief sought." Local Rule 7.1(a)(1), (a)(2)(A), Eastern District of Michigan. Plaintiffs' counsel provided most or all of the required information in his initial e-mail to defense counsel, and the subsequent correspondence between counsel made it clear that it might have "take[n] several days" before defense counsel was able to determine whether his client would concur in or oppose the fee award sought by Plaintiffs. Under the relevant Local Rule, however, Plaintiffs' counsel faced an imminent deadline within which to timely move for an award of attorney fees. *See* Local Rule 54.1.2(a). Thus, counsel was in no position to wait "several days" to ascertain whether Defendants' concurrence might be forthcoming, and the Court does not read Local Rule 7.1 as imposing any such duty.

Rather, the Local Rule demands that an attorney must (i) advise opposing counsel of the nature and legal basis of a contemplated motion, (ii) seek the opposing party's concurrence in this motion, and (iii) recount these efforts to the Court in the event that concurrence is not obtained. It is not evident to the Court that Plaintiffs' counsel failed to satisfy these requirements. More importantly, any non-compliance was *de minimis* — and,

8

as the Magistrate Judge observed, almost certainly harmless, given that Defendants' concurrence was unlikely. These circumstances do not warrant the drastic remedy sought by Defendants.

For these reasons, the Court OVERRULES Defendants' July 21, 2017 objections [104] and ADOPTS the Magistrate Judge's July 7, 2017 report and recommendation [102]. Accordingly, Plaintiffs' December 6, 2016 motion for attorney fees [91] is GRANTED IN PART, in accordance with the determinations set forth in the Magistrate Judge's report and recommendation.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: August 24, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 24, 2017, by electronic and/or ordinary mail.

s/Carol J. Bethel
Case Manager